We have two motions that are being argued this morning. Before I turn to the calendar of our regular cases, let's start with United States of America v. Taramaki-Persaud. Thank you. Counsel, you may proceed. Yes, Your Honors. Your Honors, Ms. Persaud should be allowed to remain on bail pending appeal. She is not likely to flee. She does not pose a danger to the community. Those are a given. My focus is on the fact that this appeal is not for the purpose of delay and Yes, but what is the issue that is in some significant doubt? Your Honor, Ms. Persaud was not apprised of her Boykin rights until after she pled guilty. The magistrate judge only asked her how she wished to plead at the very beginning of the plea colloquy, before she was advised that she could go to trial, that she could testify at trial, that she had the right to a jury trial, that she was presumed innocent, that she could subpoena witnesses, and so on and so forth. Is there any indication that she would have pled any differently if the specific words had been said? Your Honor, the court should take notice of the fact that defendants in a case are quite reluctant to speak up in court. They simply sit there and do what the judge says. If the judge asks them questions, they don't answer them. They're hesitant to interrupt. I think that's quite an overstatement. I know most judges at the beginning say to them, if you need to take a break and talk to your lawyer, talk to your lawyer. Yes, it is a script for the most part, but the pressure is the pressure of the moment. It's not that the defendant is being pressured. Was there any doubt when she came out that she wanted to plead guilty and that her lawyer had in fact advised her of all of her rights that she'd be waiving before she even got there? That's not clear from the record, Your Honor. What is clear is that she was not advised of her rights on the record before she pled guilty. I put forth a number of examples from Judge Rakoff, from Judge Forrest, from other judges, and at the end of the plea colloquy, they always say, this is your final chance. If you want to plead guilty, plead guilty now. What relief are you asking for? Do you want her to give back the plea and go to trial? Yes, Your Honor. She'll get back the plea so that she may then proceed to trial if she so decides. She had that opportunity the first time around. It's just not clear from the record that she understood her rights at the time she pled guilty. You keep saying it's not clear from the record, but the fact is, we're on the record from the denial of a bail application, right? She could have put anything in that record that she wanted to. She could have said, my attorney didn't advise me that I'd be giving up my right to subpoena witnesses, for example. She could have put in all kinds of things saying, I didn't know I was giving this up. We don't have that. Because the issue on appeal is simply whether or not the appeal raises a substantial question, which it does. Yes, but the question of whether it raises a substantial question depends in part on what it is that you're saying would be raised. And at the moment, we have a guilty plea that looks about as good as most guilty pleas and somebody who has been convicted. It's a very different issue before conviction but bail after. You have to have something that really is likely to get this thing reversed. You're essentially saying that there's a structural defect that a plea requires a reaffirmation of the desire to plead guilty after the initial statement that I want to plead guilty. Rule 11 doesn't say that. There's no cases that say that. At best, it seems to me you're advocating for a best practices, but we can't let the best be the enemy of the good, can we? Your Honor, even the United States Bench Book for District Judges suggests that judges ask at the end of the plea colloquy. It seems, and as the Supreme Court has stated, pleading guilty is so much more than simply an admission of conduct. Given the importance of pleading guilty on a person's life on the consequences, they should be asked after being advised to all their rights if they still wish to plead guilty. It seems to me if you had the ability to raise some doubt as to whether she really wanted to plead guilty or didn't know what she was giving up at the time, and that could have been had in the context of a bail application, then you might cross the border to a substantial issue. But what substantial? It just isn't as good as it could have been, maybe. It's not just that. Again, it's the whole issue that every other judge seems to ask at the end. All that goes to good practice, and there's no doubt that it's good practice. The question is, is it reversible? I think it certainly is. If I may just conclude by saying the appellant has filed her brief. The government's brief is due August 2nd, I believe. What difference does it make if she's out on bail for another two, three months? Perhaps this can all be solved if the government files its brief sooner and we ask for an expedited- That's not one of our rules of decision making. What difference does it make? That's not how we do our business. Anyway, your time is up. We'll hear from the government. Thank you. May it please the court. My name is Kirsten Fletcher. I'm an assistant U.S. attorney for the Southern District of New York, and I represent the United States in the district court and on this appeal. This court should deny the appellant's motion for bail pending appeal because it does not raise a substantial issue. As Judge Wood correctly noted below, there is no issue of law or fact likely to result in reversal of the defendant's guilty plea and of her conviction. The transcript of the plea before Judge Ellis makes clear that Ms. Persaud's plea was knowing and was voluntary. She was- You concede everything else. You concede that apart from the question of whether it raises an issue, she's not a danger to flee. Her sentence is short enough so that if there were a real issue, having her start to serve would substantially increase the chances that she might serve some time that she wouldn't, significant time that she wouldn't. So the only issue is whether there is a significant issue in this case. Yes, Your Honor. The only issue is whether her appeal raises a significant issue that would be likely to result in reversal. The government's position is that it does not. Essentially what the appeal raises is exactly what was just discussed, the concept of best practices. The appellant's argument is that Judge Ellis should have asked a particular question in a particular way at a particular time during the plea proceeding. But as the panel has noted, the law doesn't require that. Rule 11 doesn't require that. The law of the Second Circuit doesn't require that. In fact, Judge Ellis did at the end of the proceeding ask a summary question, which was did you commit the offense with which you have been charged following the advice of rights, following informing Ms. Persaud of the penalties and of the charges against her. But the purpose of the rather tedious recitation of factors under Rule 11 is to make sure that after the defendant has heard this parade of horribles, the defendant still wants to plead guilty. And that confirmation didn't come up, did it? Not in the specific words that the appellant contends it should have come up, but the appellant was afforded the opportunity following the advice of her rights to indicate whether she still wished to plead guilty or not. Essentially, this is an argument about the specific words that Judge Ellis used. He did ask her, did you commit the offense with which you have been charged after informing her of her rights? And the circuit has held that judges in plea proceedings are not required to implement a particular script, are not required to pose questions in any particular order, or affirm following the advice of rights that the defendant still wishes to plead guilty. Thank you. I will reserve decision but file an order this afternoon. I understand her report date has passed. And once we vacate the stay, she will have to report, is that correct? If we do vacate the stay? That is correct, Your Honor. And if she could have a few days to get her affairs in order before reporting. All right, thank you. We'll consider that.